UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN C. TYLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOSTON MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | Civil Action No. 13-10820-JCB |

**ORDER ON PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS**
[Docket No. 7]

June 6, 2013

BOAL, M.J.

　　For the reasons stated below, the Court (1) denies without prejudice the plaintiff's motion for leave to proceed in forma pauperis; (2) directs the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction; and (3) denies without prejudice the plaintiff's motion for appointment of counsel.

**I.　BACKGROUND**

　　Warren C. Tyler, who is incarcerated at MCI Cedar Junction, brings this pro se action against Boston Medical Center ("BMC") and certain medical professionals under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and state law. Tyler alleges that he received inadequate emergency medical treatment at BMC on April 29, 2007 for "traumatic brain injury to the head" caused by an assault with a baseball bat. Compl. ¶ 1.[1] According to the complaint, after undergoing certain diagnostic tests and receiving stitches in his scalp, Tyler was discharged less than three hours after arriving at the hospital. Id. at ¶ 2. He claims, however, that he received inadequate treatment because he was released too quickly.

---

[1] "Compl. _" refers to plaintiff's complaint. Docket No. 1.

See id. at ¶¶ 2,7.  Tyler alleges that, due to his untreated head injuries, he later lost consciousness while driving and killed his friend in a car accident.  Id. at ¶ 3.  This car accident led to his current incarceration.  Id.

Tyler represents that, in 2012, BMC provided him with a copy of his medical records in regards to his April 2007 emergency room visit.[2]  Id. at ¶ 5.  In reviewing these records, Tyler discovered that his medical records were revised after his discharge from BMC on April 29, 2007.  Id. at ¶¶ 3, 5.  Whereas, at the time of discharge, his record stated that there were no facial fractures, the record was revised hours after his discharge to include an additional finding that Tyler had indeed suffered facial fractures, soft tissue swelling, and that "clinical correlation for acuity [was] necessary."  Id., Ex. C at 2.  Tyler claims that, had he been informed of these injuries and received proper care for them, he would not have blacked out and killed his friend in a car accident years later.  See id. at ¶¶ 3, 7.

Tyler filed this action on April 8, 2013, at which time he also filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel.  Docket Nos. 1-2.  On April 10, 2013, the Court denied the motion for leave to proceed in forma pauperis without prejudice on the ground that Tyler had not provided the six-month prison account statement required under 28 U.S.C. § 1915(a)(2).  Docket No. 5.  On April 29, 2013, Tyler filed a new motion for leave to proceed in forma pauperis with a prison account statement from MCI Cedar Junction.  Docket No. 7.

## II. DISCUSSION

### A. Motion for Leave to Proceed In Forma Pauperis

To proceed with an action without the prepayment of fees, a prisoner must file a motion to proceed in forma pauperis with "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained

---

[2]Tyler states that BMC provided the records pursuant to a subpoena; the exhibits to the complaint suggest that subpoena was issued as part of the prosecution against him for the charges associated with the car accident.  See Compl., Ex. F.

from the appropriate official <u>of each prison</u> at which the prisoner <u>is or was confined</u>." 28 U.S.C. § 1915(a)(2) (emphases added). The Court then assesses, and when funds exist, collects from the prisoner an initial partial filing fee of twenty percent of the average monthly deposits or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(b)(1). The prisoner pays the rest of the $350.00 filing fee over a period of time. <u>See</u> 28 U.S.C. § 1915(b)(2).

Here, Tyler did not provide a six-month prison account statement. The prison account statement from MCI Cedar Junction indicates that it ostensibly covers the period from October 1, 2012 to April 18, 2013, which is a period of more than six months. However, the first account activity on the report is on February 5, 2013, when $214.44 was transferred from "A112796," which appears to be Tyler's pretrial detainee identification number. The account statement only shows activity from February 2, 2013 (presumably when Tyler arrived at MCI Cedar Junction) to April 18, 2013.

Without a prison account statement or statements covering a six-month period, the Court cannot calculate the initial partial filing fee and will deny the motion without prejudice. Tyler may pursue <u>in forma pauperis</u> status by filing a new motion for leave to proceed <u>in forma pauperis</u> status and a prison account statement from any other institution(s) in which he was confined in the six-month period preceding the filing of the lawsuit or the six-month period preceding the filing of the new motion for leave to proceed <u>in forma pauperis</u>.

    **B.**     **Screening of the Complaint**

Because Tyler does not yet have <u>in forma pauperis</u> status, the Court will not screen the complaint. <u>See</u> 28 U.S.C. § 1915(e)(2) (court may dismiss <u>in forma pauperis</u> complaint <u>sua sponte</u> if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

However, a court has an obligation to inquire <u>sua sponte</u> into its own subject matter jurisdiction. <u>See</u> <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of

limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("Section 1331"), and over certain actions in which the parties are citizens of diverse states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("Section 1332"). "The existence of subject-matter jurisdiction 'is never presumed.'" Fafel, 399 F.3d at 410 (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, subject matter jurisdiction does not appear to exist under Section 1331 because Tyler's only claim under federal law appears to be time-barred.[3] Under EMTALA, participating hospitals must screen any individual who comes to its emergency room seeking treatment and determine whether the individual has an emergency medical condition. See 42 U.S.C. § 1395dd(a). If such a condition exists, the hospital must provide stabilizing treatment before discharging or transferring the patient. See 42 U.S.C. § 1395dd(b). An EMTALA violation arises when a hospital either fails to adequately screen a patient, or discharges or transfers the patient without first stabilizing his emergency medical condition. See Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 51 (1st Cir. 2009). A person injured by a violation of EMTALA may bring a civil action against the participating hospital, but such action must be brought within "two years after the date of the violation [of EMTALA]." 42 U.S.C. § 1395dd(d)(2)(C) (emphasis added).

---

[3]Although the statute of limitations is an affirmative defense, and Fed. R. Civ. P. 8(a) does not require a plaintiff to plead facts to avoid potential affirmative defenses, a complaint fails to state a claim for relief if the allegations therein show that relief is barred by the relevant statute of limitations. See Bock v. Jones, 549 U.S. 199, 215 (2007).

Tyler did not file this action within two years of the alleged violation of EMTALA. The Court recognizes that Tyler alleges that he did not discover the defendants' alleged misconduct until May 2012, when he received a copy of his medical records from BMC pursuant to a subpoena. See Compl. ¶ 5. However, the language of the statute is unequivocal about the time of accrual for an EMTALA–"the date of the violation."[4] 42 U.S.C. § 1395dd(d)(2)(C) . Because Tyler did not bring his action until nearly six years after the defendants' alleged misconduct, it appears that his claim under EMTALA is time-barred.

In the absence of any viable claim under federal law, and in the absence of diversity of citizenship between the parties,[5] this Court would lack subject matter jurisdiction over this action.

### C.    Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel. To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel

---

[4] Unlike state law claims for medical malpractice, which do not accrue until the plaintiff learns or, in the exercise of reasonable diligence, should have learned that he was harmed by the defendants' conduct, Joslyn v. Chang, 445 Mass. 344, 347-48 (2005), the "discovery rule" does not apply to claims under EMTALA. See Borgos-Taboas v. HIMA San Pablo Hosp. Bayamon, 832 F. Supp. 2d 121, 124 (D.P.R. 2011); see also Saltares v. Hosp. San Pablo Inc., 371 F. Supp. 2d 28, 31-33 (D.P.R. 2005) (discussing cases). Further, to the extent that equitable tolling applies to a claim under EMTALA, Tyler has not alleged any facts that would support the invocation of this doctrine. See Curry v. Advocate Bethany Hosp., 204 F.3d Appx. 553, 557 (7th Cir. 2006) (two-year period of limitations under EMTALA may be equitably tolled if plaintiff is "lulled into inaction by the defendants' fraudulent conduct upon which he actually and reasonably relied").

[5] Where a party seeks to invoke the jurisdiction of a federal district court under Section 1332, the parties must be of complete diversity. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant and any plaintiff are citizens of the same state. See id.

will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id. at 24. Because it appears that this Court may not have subject matter jurisdiction over this action, exceptional circumstances that would justify the appointment of counsel do not exist.

### III.   CONCLUSION

For the reasons stated above, the Court orders as follows:

(1)   Tyler's motion for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE. If Tyler would like to pursue in forma pauperis status, he must, within thirty-five (35) days of the date of this order, file a new motion for leave to proceed in forma pauperis status with prison account statement(s) covering the six-month period preceding the filing of the lawsuit or the six-month period preceding the new motion for leave to proceed in forma pauperis

(2)   The Court directs Tyler to show good cause, in writing, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this directive within thirty-five (35) days of the date of this order may result in dismissal of this action without prejudice.

(3)   The motion for appointment of counsel is DENIED WITHOUT PREJUDICE.


SO ORDERED.

  /s/ Jennifer C. Boal
Jennifer C. Boal
United States Magistrate Judge